~~05cv4004 6~~ -FDS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

05cv10479-FDS

| | |
|---|---|
| In Re: | Chapter 7 |
| GEORGE J. VASILIADES<br>Debtor | Case No. 02-18232-JNF |
| KATHLEEN DWYER,<br>CHAPTER 7 TRUSTEE<br>Plaintiff | |
| v. | Adversary Proceeding<br>No. 03-1146 |
| GEORGE J. VASILIADES,<br>Defendant | |

NOTICE OF APPEAL

George J. Vasiliades, the Debtor in the above captioned Chapter 7 case and the Defendant in the above captioned adversary proceeding, appeals under 28 U.S.C. §158(a)(1) from the Order of the United States Bankruptcy Court for the District of Massachusetts, Judge Feeney, entered in this Adversary Proceeding on January 20, 2005 which denied the Chapter 7 discharge of Mr. Vasiliades under 11 U.S.C. 727(a)(4).

The names of all parties to the judgment order or decree appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

Kathleen Dwyer, Chapter 7 Trustee
c/o Robert Holloway, Esq.
MacLean, Holloway, Doherty, Ardiff & Morse
8 Essex Center Drive
Peabody MA 01960
(978) 774-7123



and

Gary W. Cruickshank, Esq.
Successor Counsel to George J. Vasiliades
21 Custom House Street
Suite 920
Boston MA 02110
(617) 330-1960
(BBO107600)


George J. Vasiliades
By his Successor Counsel,


Dated: January 28, 2005        /s/Gary W. Cruickshank, Esq.
                               21 Custom House Street
                               Suite 920
                               Boston MA  02110
                               (617) 330-1960
                               (BBO107600)



CERTIFICATE OF SERVICE


   I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Notice has been served, by regular United States mail, postage prepaid, upon Robert Holloway, Esq., Counsel to Kathleen P. Dwyer, Chapter 7 Trustee, McLean, Holloway, Doherty, Ardiff & Morse, Box 550, 8 Essex Center Drive, Peabody, Massachusetts 01960.



Dated: January 28, 2005        /s/Gary W. Cruickshank, Esq.

# United States Bankruptcy Court
## District of Massachusetts

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re  
GEORGE J. VASILIADES,  
    Debtor

Chapter 7  
Case No. 02-18232-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

KATHLEEN DWYER, CHAPTER 7  
TRUSTEE,  
    Plaintiff

v.

Adv. P. No. 03-1146

GEORGE J. VASILIADES,  
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## ORDER

In accordance with the Memorandum dated January 20, 2005, the Court hereby enters judgment on Count 3 in favor of the Trustee and against George J. Vasiliades and denies the Debtor a discharge under 11 U.S.C. § 727(a)(4). In view of the entry of judgment on Count 3, the Court need not address the remaining counts of the Trustee's Complaint.

By the Court,

/s/ Joan N. Feeney  
Joan N. Feeney  
United States Bankruptcy Judge

Dated: January 20, 2005  
cc: Kathleen P. Dwyer, Esq., Robert Holloway, Esq., Gary W. Cruickshank, Esq.

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In Re:   Dwyer v. Vasiliades

Chapter 7
Adversary Proceeding 03-01146
Judge Joan N. Feeney

## NOTICE OF FILING OF APPEAL TO DISTRICT COURT

A Notice of Appeal and an Election to have the appeal heard in the United States District Court were filed on **JANUARY 28, 2005** in the above case/proceeding.

Please refer to 28 U.S.C. § 158(c)(1), Federal Rule of Bankruptcy Procedure 8001 et seq., and Local Rule 203 of the U.S. District Court. Also, pursuant to Federal Rule of Bankruptcy Procedure 8006 the Appellant must file with the Clerk of this Court, a Designation of the Record on Appeal and a Statement of the Issues to be presented on Appeal, within ten (10) days of the filing of the:

   1. Notice of Appeal, or
   2. Entry of an Order granting leave to appeal, or
   3. Entry of an Order disposing of the last timely motion outstanding of a type specified in Rule 8002(b),

whichever is **later.**

A copy of the Designation and Statement shall be served by the Appellant on the Appellee.

The Appellee may file a Designation of Additional Papers to be included in the Record on Appeal within ten (10) days after service of the Appellant's Designation and Statement.

Upon the filing of Designation(s) of Record and Statement of Issues on Appeal, the Appellant (and Appellee if additional papers have been designated) shall, provide the Clerk with copies of all papers which have been designated for inclusion in the Record on Appeal within twenty-five (25) days of the issuance of this notice.

It is the duty of the parties to insure that the Record on Appeal is complete. The Clerk of the Bankruptcy Court will transmit the Record on Appeal as assembled by the parties.

Date:2/1/05

James M. Lynch
Clerk, U.S. Bankruptcy Court


By the Court,

Charlotte DiBenedetto
Deputy Clerk
(617) 565-6076

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| ) | Chapter 7 |
| GEORGE J. VASILIADES ) | Case No. 02-18232-JNF |
| Debtor ) | |
| _____ ) | |
| ) | |
| KATHLEEN DWYER, ) | |
| CHAPTER 7 TRUSTEE ) | |
| Plaintiff ) | |
| ) | Adversary Proceeding |
| v. ) | No. 03-1146 |
| ) | |
| GEORGE J. VASILIADES, ) | |
| Defendant ) | |
| ) | |

APPELLANT'S DESIGNATION OF RECORD ON APPEAL AND STATEMENT OF
ISSUES TO BE PRESENTED ON APPEAL

George J. Vasiliades, the Appellant in a Notice of Appeal filed with this Court on January 28, 2005, submits, pursuant to Federal Rule of Bankruptcy Procedure 8006, the following Designation of Record on Appeal and Issues to Be Presented on Appeal.

RECORD ON APPEAL

1. Copies of all Plaintiffs Trial Exhibits, numbered 1-10;
2. Copies of Defendant's Trial Exhibit number 1;
3. Memorandum of Decision and Order of the Honorable Joan N. Feeney dated January 20, 2005 which denied the discharge of the Debtor;
4. Copy of the Transcript of Trial, which is dated November 30, 2004;

5. Trial Brief of Defendant;

## STATEMENT OF ISSUES ON APPEAL

1. Did the Bankruptcy Court err as a matter of law when it denied the Debtor his discharge under Chapter 7 when the Debtor filed three (3) separate amendments to schedules and/or Statement of Financial Affairs, all of which were:

   A. Not subject to objection by the Trustee;
   
   B. Subject to approval by the Court;
   
   C. Filed and allowed prior to the date that this adversary proceeding was filed;

2. Did the Bankruptcy Court err as a matter of law in articulating that one of the reasons for barring the discharge of the Debtor was his failure to list two bank accounts, when those bank accounts were not one of the issues raised by the Trustee in her Complaint?

3. Did the Bankruptcy Court err as a matter of law when it cited only the case of Boroff v. Tully (In Re Tully) 818 F. 2d 106 (First Cir. 1987) when the First Circuit Court of Appeals in the later case of In Re Varasso, (Desmond V. Varasso) 37 F. 3d 760 ($1^{st}$ Cir 1994) acknowledged that a finding of carelessness would not be sufficient to bar a discharge under 11 USC 727?

4. Did the Bankruptcy Court err as a matter of law when it denied the discharge of the Appellant because the Court found that the Debtor was not truthful and was

unwilling to make a full disclosure <u>at the outset</u>(emphasis by the Bankruptcy Court) of the proceedings when the Court approved all of the Motions to Amend the Schedules and Statement of Financial Affairs filed by the Appellant?

5. Did the Bankruptcy Court err as a matter of law when it found that the Plaintiff had satisfied her burden of proof establishing the Debtor's false oaths when the Court had previously allowed the Debtor to amend his schedules and statement of financial affairs?

George J. Vasiliades
By his Counsel,

Dated: February 7, 2005

/s/Gary W. Cruickshank, Esq.
21 Custom House Street
Suite 920
Boston MA 02110
(617)330-1960
(BBO107600)
gwc@cruickshank-law.com

## CERTIFICATE OF SERVICE

    I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Designation of Record has been served, unless otherwise stated, via regular United States mail, postage prepaid, upon Kathleen P. Dwyer, Chapter 7 Trustee, McLean, Holloway, Doherty, Ardiff & Morse, Box 550, 8 Essex Center Drive, Peabody, Massachusetts 01960 (electronically).

Dated: February 7, 2005        /s/Gary W. Cruickshank, Esq.