```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS



             CIVIL ACTION NO. 1:05-CV-10479-FDS



                         IN RE:

                 GEORGE J. VASILIADES
                        DEBTOR

             _____



                  GEORGE J. VASILIADES
                       APPELLANT

                           v.

   KATHLEEN P. DWYER, CHAPTER 7 TRUSTEE OF GEORGE J. VASILIADES
                        APPELLEE
```

**APPELLEE BRIEF OF KATHLEEN P. DWYER,
CHAPTER 7 TRUSTEE OF GEORGE J. VASILIADES**

```
                    Robert L. Holloway, Jr., BBO#238560
                    Thomas J. Flannagan, BBO#564328
                    Kathleen P. Dwyer, BBO#139800
                    Counsel to Kathleen P. Dwyer
                    MacLEAN HOLLOWAY DOHERTY
                    ARDIFF & MORSE, P.C.
                    8 Essex Center Drive
                    Peabody, MA 01960
                    (978) 774-7123
                    rholloway@mhdpc.com
                    tflannagan@mhdpc.com

                    June 15, 2005
```

**TABLE OF CONTENTS**

I.   Statement of the Basis for Appellate
     Jurisdiction . . . . . . . . . . . . . . . . . . . . . 1

II.  Statement of Issues on Appeal . . . . . . . . . . .  2

III. Nature of the Case, Course of the Proceedings and
     Disposition in the Court Below . . . . . . . . . . . 2

IV.  Statement of the Facts Relevant to the Issues
     under Review . . . . . . . . . . . . . . . . . . . . .2

V.   Summary of Argument . . . . . . . . . . . . . . . . 2

VI.  Applicable Standard of Review . . . . . . . . . . . .3

VII. Argument . . . . . . . . . . . . . . . . . . . . . . .3

VIII. Conclusion . . . . . . . . . . . . . . . . . . . . 16

**TABLE OF AUTHORITIES**

**CASES**

In re Dolata, 306 B.R. 97, (Bankr.W.D.Pa. 2004) . . . . . . 7

First National Bank of Mason City, Iowa v. Cook (In re Cook), 40 B.R. 903, 907 (Bankr.N.D. Iowa 1984) . . . . . 15

In re Grondin, 232 B.R. 274, 280 (Footnote 7)
(1st Cir. B.A.P. (NH) (1999) . . . . . . . . . . . . 13, 15

Howell v. Town of Leyden, 335 F.Supp.2d 248, 251
(D.Mass 2004) . . . . . . . . . . . . . . . . . . . . . .10

Jeffrey v. Desmond,
775 F.3d 183, 186 (1st. Cir. 1995) . . . . . . . . . . . 12

In re Kalantzis, (Bankr. D.N.H)
2001 BNH 20 . . . . . . . . . . . . . . . . . . . . . . 13

Minsky v. Silverstein (In re Silverstein),
151 B.R. 657, 662 (Bankr. E.D.N.Y. 1993) . . . . . . . . 15

Phillips v. Phillips (In re Phillips),
187 B.R. 363, 370 (Bankr. M.D. Fla. 1995) . . . . . . . 15

Torgenrud v. Schmitz (In re Schmitz),
224 B.R. 149, 152 (Bankr.D.Mont. 1998) . . . . . . . . . 15

In re Tully, (Boroff v. Tully)
818 F.2d at 106 (1st Cir. 1987) . . . . . . . . 11, 12, 15

In re Varasso, (Desmond v. Varasso),
37 F.36 760 (1st Cir. 1994) . . . . . . . . . . . . . . . . 11

**STATUTES**

11 U.S.C.§ 521(1) . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 521(1) and (3) . . . . . . . . . . . . . . . 3

11 U.S.C. § 727(a)(4)(A) . . . . . . . . . . . . . 1, 13, 15

28 U.S.C. §157(a) . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 158(a)  . . . . . . . . . . . . . . . . . . . 1

## **RULES**

FRBP 1007 and 1008   . . . . . . . . . . . . . . . . 8, 9

FRBP 1007(b)  . . . . . . . . . . . . . . . . . . . . . 9

FRBP 1009 . . . . . . . . . . . . . . . . . . . . . . . 9

MLBR 1009-1 . . . . . . . . . . . . . . . . . . . . . . 9

FRCP 8 . . . . . . . . . . . . . . . . . . . . . . . .10

Kathleen P. Dwyer, as Chapter 7 Trustee for the estate of George Vasiliades, the Appellee in the within appeal (hereinafter "Trustee"), submits the following brief in accordance with the Order of this Court entered May 3, 2005 which authorized the Appellee's brief to be filed on or before June 15, 2005.

## I.   STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

The appeal of debtor George Vasiliades is an appeal from a final order entered by the United States Bankruptcy Court (Feeney, C.J.) on January 20, 2005, entering judgment in favor of the Trustee and against the Debtor on Count 3 (11 U.S.C. § 727(a)(4)(A)) of the Trustee's Complaint seeking denial of the Debtor's discharge.  Pursuant to 28 U.S.C. § 158(a) this Court has jurisdiction to hear an appeal from a final judgment, order, or decree which a bankruptcy judge has entered in a case or proceeding referred to the bankruptcy judge under 28 U.S.C. §157(a).

## II.  STATEMENT OF THE ISSUES ON APPEAL

Appellee adopts the issues set forth by Appellant.

## III.  NATURE OF THE CASE, COURSE OF THE PROCEEDINGS AND DISPOSITION IN THE COURT BELOW

Appellee adopts the statement of the Appellant.

## IV.  STATEMENT OF FACTS RELEVANT TO ISSUES UNDER REVIEW

The Debtor adopts verbatim the facts found by the Bankruptcy Court as set forth in the Bankruptcy Court's Memorandum of Decision dated January 20, 2005, at pages 2-9 and included in the Record on Appeal, and the Trustee concurs.

## V.  SUMMARY OF ARGUMENT

It is a debtor's obligation to make full disclosure at the outset of the debtor's bankruptcy case.  The law admits of the possibility that despite the debtor's best efforts, the debtor may later discover the disclosure is not complete and correct.  The debtor is permitted, and in fact required, to amend by Notice (or, in the case of exemptions and the addition of creditors by Motion).  The obligation to amend must be read together with the debtor's affirmative duties to disclose fully and truthfully which a debtor undertakes when he or she seeks the protection of the Bankruptcy Court.

The consequences of this Debtor's deficient disclosure at the outset of the case are questions of fact which were decided in the Trustee's favor. It could not be more clear that the Debtor's explanations for his omissions and inaccuracies were not credited by the Bankruptcy Court. The Bankruptcy Court was unequivocal: "... the Court rejects his testimony as incredible because of his inconsistent and evasive testimony." Memorandum of Decision at pp. 12-13. The Debtor's testimony was "incredible". There being no contention by the Debtor that the findings are clearing erroneous, and the findings being amply supported by the record, they must not be disturbed.

## VI. APPLICABLE STANDARD OF REVIEW

The Trustee adopts the standard of review set forth by the Debtor.

## VII. ARGUMENT

The Bankruptcy Court ruled as follows:

> The Court finds that the Trustee met her burden of establishing the Debtor's false oaths and that the burden shifted to the Debtor to produce evidence that he did not make knowing and fraudulent false oaths. The Court further finds that the Debtor, despite his testimony, failed to produce such evidence.
>
> The Debtor is not an unsophisticated businessman and, indeed, is knowledgeable and savvy in business and financial affairs. He holds an advanced degree in finance, and his painting company, A. George Company, Inc., reported significant earnings in the years before its bankruptcy filing. Although the

>Debtor testified that he did not intentionally and knowingly make false statements, the Court rejects his testimony as incredible because of his inconsistent and evasive testimony. The Court simply does not believe that the Debtor did not know the difference between gross and net income when he answered Questions 1 and 2 on the Statement of Financial Affairs and that he did not understand that he had an equity interest in New England Property regardless of whether that company of which he was president had not as yet issued stock.
>
>The Debtor's omission of his interest in New England Property, his omission of two bank accounts, and his omission of six transfers of interests in real estate in Florida, together with his failure to report income attributable to the Florida properties and New England Property are the most glaring examples of his reckless disregard for the truth and exhibits an "until I get caught" mentality. Although the Debtor intimated that these interests were of little value, the First Circuit has made it plain: "Matters are material if pertinent to the discovery of assets, including the history of a bankrupt's financial transactions ...[so that] knowing and fraudulent omission of a bank account, whether or not it is closed at the time of filing, warrants the denial of the discharge." (citations omitted)
>
>The Debtor's testimony at the § 341 meeting with respect to ownership interests in business other than A. George Company, Inc. was crystal clear-he had none. He did not amend Schedule B to reflect that interest, which was of very recent origin (February 2002), until the Trustee asked him about it. Even then, he did not amend his answer to Question 2 on the Statement of Financial Affairs until October of 2003 to reflect income from that company. Similarly, he did not amend his answer to Question 2 with respect to the Florida properties until the Trustee sued the Meadows and they produced the $50,000 check.

Memorandum of Decision at pp.12-14

Nowhere does the Debtor assert that the Bankruptcy Court's findings are not supported by the record. The closest the Debtor comes to challenging the factual findings

is his reference to the testimony of the Debtor explaining his conduct. The Debtor argues on appeal that the Debtor adequately explained at trial his initial non-disclosures. However, the Bankruptcy Court, having heard the testimony and observed the demeanor of the Debtor for approximately three hours at trial (Trial Transcript at pp 3 and 134), found as fact that his explanations were evasive and inconsistent and not credible.

A.  **The Debtor's "Motions to Amend" does not preclude findings or reckless disregard**.

>  The Debtor states at the conclusion of his Argument,
>
>  "Neither the Local Rules of Bankruptcy Procedure of Massachusetts nor the Federal Rules of Bankruptcy Procedure require the approval of amendments to Schedules and Statement of Affairs. A motion to approve the amendments were [sic] filed by the Debtor and allowed by the Court. The Court in its decision essentially overruled those orders, which were final orders. This was incorrect as a matter of law."
>
>  Appellee's brief at p. 29.
>
>  The first sentence is correct. And, as discussed

below, the Rules provide that these amendments be made by Notice. The remainder of the paragraph ignores the language of the Motions relied on by the Debtor. The "relief" requested by the Debtor in each Motion was substantially as follows:

>  "WHEREFORE the Debtor prays that this Court allow the Debtor to amend Schedule B by substituting

> therefor the Amended Schedule B annexed hereto as Exhibit A, amend Statement of Financial Affairs by substituting the amended Question 10 annexed hereto as Exhibit B and grant such other and further relief as is just."

(Motion of Debtor to Amend Schedules dated January 29, 2003)

The Second and Third Motions have nearly identical language.

The Debtor did not need permission to amend. The Debtor requested permission to amend. To the extent the Court made any judicial determination, the Court simply allowed the Debtor to do what the Debtor had a right to do under the Rules, and what in fact the Debtor had a legal obligation to do. The representations of counsel in the Motions were surplusage. The Debtor did not request findings as to the adequacy and veracity of the rationale provided for the amendment, nor would it have been appropriate to do so.

The correct analysis of the effect of amendments is set forth by the Debtor in his discussion of the <u>Dolato</u> case. The Debtor quotes In re <u>Dolato</u>, 306 B.R. 97 (Bankr.W.D.Pa. 2004) as follows:

> "Although subsequent voluntary disclosure through testimony or an amendment to the schedule cannot expunge the falsity of an oath, subsequent disclosures are evidence of innocent intent." "The fact that the property in question was included in the debtor's amended petition does not excuse its original omission." Such subsequent disclosures, however, shall not evidence innocent intent if no adequate explanation has been offered as to why these items were left off the original petition. <u>(citation omitted)</u>

(Debtor's Brief at p. 29)

The Bankruptcy Court found that the Debtor's explanations offered as to why items were omitted were not adequate and in fact were not credible.

**B.   The Debtor's "estoppel" argument is without basis in law or the facts of this case.**

The Debtor cites as error the Bankruptcy Court's failure to accord the allowed motions to amend Schedule B and/or the Statement of Financial Affairs an estoppel effect (a) with respect to the Trustee's later challenge to the Debtor's discharge, (b) with respect to the requirement that the Debtor be truthful and forthcoming from the outset of the case, and (c) as to the Bankruptcy Court's finding that the Trustee had satisfied her burden of proof with respect to establishing the Debtor's false oaths.

1.   The Debtor's estoppel argument is inconsistent with the statutory mandate of 11 U.S.C.§ 521(1) and the related FED.R.BANKR.P. 1007 and 1008 requiring full and accurate disclosure under oath.

The Debtor's "safe harbor" argument is directly contrary to the fundamental precept for the proper administration of bankruptcy cases:  full and timely disclosure.  This mandate is set out at 11 U.S.C. § 521(1) and (3).

§ 521 Debtor's duties

The debtor shall –

      file a list of creditors, and unless the court
orders otherwise, s schedule of assets and
liabilities, a schedule of current income and
current expenditures, and a statement of the
debtor's financial affairs.

      If a trustee is serving in the case, cooperate
with the trustee as necessary to enable the
trustee to perform the trustee's duties under this
title.

      <u>FED.R.BANKR.P. 1007(b) states:</u>

          Schedules and statements required

      Except in a chapter 9 municipality case, the
debtor, unless the court orders otherwise, shall
file schedules of assets and liabilities, a
schedule of current income and expenditures, a
schedule of executory contracts and unexpired
leases, and a statement of financial affairs,
prepared as prescribed by the appropriate Official
Forms.

FED.R.BANKR.P. 1008 requires that these statements be

made under oath.


2.    The Debtor's estoppel argument defense is inconsistent
with the clear requirements of the Rules relating to
amendments.

      An amendment to any of the Schedules (other than

amendments adding creditors or an amendment to Schedule C-

claims of exemption) are to be made by Notice.

FED.R.BANKR.P. 1009 and MLBR 1009-1.  This is because these

amendments are administrative.  The Debtor is complying with

his or her affirmative obligation to file complete and

accurate Schedules and Statement of Financial Affairs.

These are essential to the proper administration of the

case.  That is why notice is to be given to the Trustee.  If

such amendments operated to preclude later challenges to discharge all creditors would be entitled to notice. Every creditor has the same right to challenge discharge as has the Trustee. Any "allowance" of a "Motion" submitted instead of the required Notice is ministerial.

3. The prerequisites for estoppel are not present.

At least two conditions must be met for the doctrine of judicial estoppel to apply. First, a legal or factual assertion advanced in an earlier judicial proceeding by the proponent must be directly inconsistent with an assertion made in the current forum by the proponent. Second, the court must have adopted or accepted the proponent's assertion in the earlier proceeding. Howell v. Town of Leyden, 335 F.Supp.2d 248, 251 (D.Mass 2004). Neither condition is met here.

4. Any estoppel argument has been waived.

Estoppel is an affirmative defense which is waived if not timely asserted. FED.R.CIV.P. 8. The defense was not asserted in the Debtor's Answer to the Trustee's Complaint, was not asserted in the Joint Pre-Trial Statement, nor during the trial.

For all the foregoing reasons, the Debtor's issues on appeal numbered 1, 4, and 5 must fail, each of which relies on the application of the estoppel doctrine to preclude the challenge by the Trustee to the Debtor's entitlement to discharge.

- 13 -

**C.   The decision of the Bankruptcy Curt is consistent with the First Circuit's opinion in <u>Varrasso</u>.**

The omission of explicit reference by the Bankruptcy Court to the First Circuit's decision in <u>In re Varrasso (Desmond v.</u> Varrasso 37 F.3d 760 (1st Cir.1994) was not error of law where the Bankruptcy Court's legal analysis was entirely consistent with <u>Varrasso.</u>  First, the procedural posture of the case before the First Circuit in <u>Varrasso</u> (appeal from summary judgment order) was far different from that in the subject proceeding.  Second, <u>Varrasso</u> relies on <u>Boroff v. Tully (In re Tully)</u>, 818 F.2d 106 (1st Cir. 1987) the First Circuit case extensively cited by the Bankruptcy Court.

The Bankruptcy Court did not ignore <u>Varrasso</u>.  Whether a Debtor has made false oaths or failed to disclose assets because of inadvertence, misunderstanding or carelessness is a question of fact.  The Bankruptcy Court conducted a full trial and observed the Debtor's testimony under oath at trial for several hours.  Having heard the testimony of the Debtor, and observed his demeanor, the Bankruptcy Court found his testimony to be "incredible" and found he showed a reckless disregard for the truth.  Memorandum of Decision at p. 13.

**D.   The Bankruptcy Court properly included findings with respect to the two bank accounts.**

The Bankruptcy Court properly included findings with respect to the two bank accounts omitted from the original Schedules and was not precluded from doing so on the basis that the Debtor's failure to list the two bank accounts had not been included in the list of false oaths set out in the Trustee's § 727 Complaint.

The Debtor's disclosure of the two accounts at the §341 meeting was not sufficient.  Oral disclosure of an asset is not equivalent to listing it in the Schedules.  Jeffrey v. Desmond, 775 F.3d 183, 186 (1st. Cir. 1995).

Further, inquiry into the two accounts went into the trial record without objection, and the Debtor affirmatively offered evidence with respect to the two accounts at trial. (Trial Transcript at 29-36, 58-59, 67-69).  The Debtor cites no law for the proposition that the false oaths to be tried are only those recited in the Complaint.  The requirement of pleading with specificity was met.  Long before trial the Debtor was aware that he had not listed the two accounts, and the Debtor offered his explanation at trial.  There was no surprise to the Debtor.  His explanations simply were rejected by the Bankruptcy Court.  See, In re Kalantzis, (Bankr. D.N.H) 2001 BNH 20, 2001 Bankr. Lexis 592.

**E.   The findings of the trial court are amply supported by the record and its legal conclusions are fully supported by those findings.**


As noted by the Bankruptcy Court, this case is remarkably similar factually to <u>Tully</u>, the leading First Circuit case on these issues. It is also very similar factually to <u>In re Grondin</u>, 232 B.R. 274 (1st Cir. BAP 1999) where the Bankruptcy Appellate Panel dealt with an appeal of a Bankruptcy Court order denying discharge under 11 U.S.C. § 727(a)(4)(A). In affirming the bankruptcy court's order (on summary judgment) denying discharge, the Grondin Panel noted:

"The bankruptcy court relied on the following facts to support the inference that the Debtor, at the very least, displayed a reckless indifference to the truth:

> First, the transaction was recent. Second, the transaction was substantial and material. Third, the Defendant had almost thirty days after filing bankruptcy to prepare his schedules and statement of affairs, a sufficient period of time to get it right. Fourth, no mention of the transaction was made at the § 341 meeting of creditors. Fifth, the Trustee only learned of the transaction from the Debtor's wife and not the Debtor.

<u>Grondin</u>, 232 B.R. at 278

The <u>Grondin</u> case (which was tried) has the same pattern: the nondisclosure of certain property transfers required to be disclosed; the nondisclosure of a $50,000 payment received less than 3 months before the Chapter 7 filing; the nondisclosure of a business established approximately 10 months before the Chapter 7 filing; an

extension of time for the Debtor to prepare the initial Schedules and Statement of Financial Affairs; direct inquiries by the Trustee at the § 341 meeting with respect to other businesses and with respect to the Florida transactions, with negative and incomplete responses by the Debtor; post § 341 investigations and litigation by the Trustee which produces the information with no assistance of the Debtor; the Debtor becomes aware the Trustee has the information; and ONLY THEN the Debtor amends.

This conduct (which is an incomplete listing of relevant finding adverse to the debtor) is conduct constituting a reckless indifference to the truth.

The Debtor was required to give full disclosure in his Schedules and Statement of Financial Affairs to enable the Trustee to fulfill her duties.  The First Circuit Court of Appeals has been unequivocal on this point, stating:

> Sworn statements filed in any court must be regarded as serious business.  In bankruptcy administration, the system will collapse if Debtors are not forthcoming ... .  The law, fairly read, does not countenance a petitioner's decision to play a recalcitrant game, one where the Debtor hides and the trustee [or creditors] is forced to go seek.

Tully, 818 F.2d at 112.

From a "pattern of behavior, fraudulent intent may be presumed."  Phillips v. Phillips (In re Phillips), 187 B.R. 363, 370 (Bankr. M.D. Fla. 1995).  We have such a pattern

here. However, a pattern is not required. To the contrary, according to the plain language of § 727(a)(4)(A), all that is required for a denial of discharge is a single "false oath or account." Grondin, 232 B.R. at 277 citing Torgenrud v. Schmitz (In re Schmitz), 224 B.R. 149, 152 (Bankr.D.Mont. 1998) (finding fraudulent intent when Debtor failed to disclose her current married name); Minsky v. Silverstein (In re Silverstein), 151 B.R. 657, 662 (Bankr. E.D.N.Y. 1993) (finding fraudulent intend when Debtor failed to disclose his equitable interest in marital home); First National Bank of Mason City, Iowa v. Cook (In re Cook), 40 B.R. 903, 907 (Bankr.N.D. Iowa 1984) (finding fraudulent intent when Debtor failed to disclosure his transfer or a parcel of real estate one month prior to filing bankruptcy petition).

## VII. CONCLUSION

For the foregoing reasons, this Court should enter an Order affirming the Order of the Bankruptcy Court.

                                      Respectfully submitted,
                                      Kathleen P. Dwyer, as
                                      Chapter 7 Trustee,
                                      Appellee
                                      By her attorneys,

Dated: June 15, 2005       /s/Thomas J. Flannagan
                                      Robert L. Holloway, Jr., BBO#238560
                                      Thomas J. Flannagan, BBO#564328
                                      Kathleen P. Dwyer, BBO#139800

```
                              MacLEAN HOLLOWAY DOHERTY
                              ARDIFF & MORSE, P.C.
                              8 Essex Center Drive
                              Peabody, MA 01960
                              (978) 774-7123
                              tflannagan@mhdpc.com
```